**Mary Sue LITTLE, Plaintiff— Appellant,**

**v.**

**OAKLAND, CITY OF; Raymond M. Derania, in his official capacity as Code Compliance Manager, City Office of Building and Planning; Ken**

Palmer, in his official capacity as Building Inspector; Robert C. Bobb, individually and as City Manager of the City of Oakland, Defendants—Appellees.

No. 00–17276.

D.C. No. CV–99–00795–WHA/EDL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2001.*

Decided Dec. 21, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

**564**

Before BRUNETTI, KLEINFELD, and THOMAS, Circuit Judges.

## MEMORANDUM **

Mary Sue Little appeals the district court's decision to grant the City of Oakland's motion for summary judgment. Specifically, Little argues that Oakland denied her Due Process before demolishing her building in August 1998, and that various inspections of her condemned property conducted by Oakland police officers and city officials violated the Fourth Amendment. Little also argues that the district court erred in denying her motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and 60(b)(1). We affirm.

## I

■ The fundamental requirements of procedural Due Process are notice and an opportunity to be heard. *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Conner v. City of Santa Ana,* 897 F.2d 1487, 1492 (9th Cir. 1990). Oakland provided Little with multiple notices of its intent to demolish the building, and offered her many chances to stop the demolition. Oakland provided Little with notice of its Declaration of Public Nuisance in December 1997, and also notified her of her right to appeal. The Declaration clearly listed demolition as one way Oakland could abate a public nuisance. Little appealed the Declaration, and Oakland conducted two hearings over the fol-

lowing three months. The hearing officer affirmed the findings contained in the Declaration and notified Little of her right to appeal his decision, yet Little never pursued an appeal. In May 1998, Oakland recorded the Declaration against the property, and both posted and mailed to Little notice of an Order to Vacate. Finally, Oakland sent Little a "30–day" letter, informing her that it was "proceeding with the demolition of your building." In sum, the City of Oakland provided Little with more than sufficient notice of the pending demolition of her building, and ample opportunity to be heard.

## II

■ The warrant requirement of the Fourth Amendment, as applied to the states via the Fourteenth Amendment, applies to entry onto private land to search for and abate suspected nuisances. *Conner,* 897 F.2d at 1490. However, most of the specific incidents Little complains of are time-barred by the one year statute of limitations for constitutional violations. *McDougal v. Imperial,* 942 F.2d 668, 672 (9th Cir.1991). The rest do not constitute Fourth Amendment violations. Most of the inspections were conducted with Little's consent. Those that were allegedly conducted without her consent were not conducted pursuant to a facially unconstitutional policy. *Christie v. Iopa,* 176 F.3d 1231, 1235 (9th Cir.1999). Little has offered no evidence that the allegedly illegal inspections "occurred pursuant to a longstanding practice or custom." *Id.* She has likewise failed to introduce evidence that a person holding a policy-making position either participated in, ratified, or displayed indifference to an illegal search. *Id.* at 1235–40.

### III

■ The district court did not abuse its discretion in denying Little's motion to alter or amend judgment. The record does not show that the court entered judgment for Oakland because of "mistake, inadvertence, surprise, or excusable neglect," and Little has failed to show that the district court misinterpreted the law. Fed.R.Civ.P. 60(b)(1).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.